## Douglas WINSTON, Petitioner–Appellant,

v.

## BOARD OF PRISON TERMS; et al., Respondents–Appellees.

### No. 06–15836.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Douglas Winston, Vacaville, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer Weck, Esq., Office of the California Attorney General, San Diego, CA, Constance L. Picciano, Esq., Office of the California Attorney General, Sacramento, CA, Scott C. Mather, Esq., Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

California state prisoner Douglas Winston appeals pro se from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Winston challenges the California Board of Prison Terms' ("Board") 1998 decision finding him unsuitable for parole. Specifically, he contends that the language contained in the California regulations governing parole suitability determinations, regarding whether the offense was committed in an "especially heinous, atrocious, or cruel manner," is unconstitutionally vague.

We need not address this contention because, even assuming the challenged language is unconstitutionally vague, we conclude that the Board's reliance on numerous factors, other than factors related to the commitment offense, provides "some evidence" to support the Board's decision. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1128–29 (9th Cir.2006). Accordingly, the California Superior Court's

** This disposition is not appropriate for publication and is not precedent except as provid-

decision denying the claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *Superintendent v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

**AFFIRMED.**